CROWLEY, In re. See Case No. 11,644.

## Case No. 3,448.

CROWLEY et al. v. MAXWELL.

[3 Blatchf. 383.][1]

Circuit Court, S. D. New York. Nov. 30, 1855.

CUSTOMS DUTIES—UNDERVALUATION—PENALTY.

1. Where on an entry of goods, the importer offered to write up the entry, by adding thereto a sum which would make it equal to what the custom-house considered to be the market value of the goods at the time of exportation, and the collector refused to permit such addition to be made, because the importer and owner was the manufacturer of the goods, and was not authorized by section 8 of the act of July 30, 1846 (9 Stat. 43), to add to his invoice, and imposed a penal duty on the goods, on appraisement for their undervaluation: *Held*, that the collector, having refused to allow the importer to add, on his entry, to the invoice prices, because he was the manufacturer of the goods, could not then impose a penal duty on the goods, as having been purchased in the foreign market.

2. The act of August 30, 1842 (5 Stat. 548), does not subject a manufacturer to penal duties for undervaluation, and the act of July 30, 1846 (9 Stat. 42), has the same restriction.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

This was an action [by William Crowley] against [Hugh Maxwell] the collector of the port of New York, to recover back an excess of duties and a penalty. The jury found a verdict for the plaintiffs, subject to the opinion of the court on a case.

John S. McCulloh, for plaintiffs.
J. Prescott Hall, for defendant.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. This suit relates to an importation of needles. On the entry at the custom-house, the importers offered to write up their entry, by adding thereto a sum which would make it equal to what the custom-house considered to be the market value of the articles at the period of exportation. It appears in writing, on the entry, that the collector refused permission to the plaintiffs to make the proposed addition, because the importers and owners were the manufacturers of the goods, and were not authorized by the 8th section of the act of July 30, 1846 (9 Stat. 43), to add to their invoice. The goods were subjected to appraisement and reappraisement, the returns to which stated severally advances above the invoice valuation, of 38 and 29 per cent.

The statement of the case embraces a multiplicity of allegations against the regularity and authority of the custom-house officers and the merchant appraisers, in their proceedings on this entry, which we do not discuss, because, in our judgment, the collector, having refused to allow the plaintiffs to add, on their entry, to the invoice prices, because they were the manufacturers of the goods, could not then proceed and impose penal duties upon the goods, as having been purchased in the foreign market.

The act of August 30, 1842 (5 Stat. 548), does not subject a manufacturer to these additional or penal duties, and the act of July 30, 1846 (9 Stat. 42), has the same restriction. The official note on the entry, made by the collector, proves his knowledge of the fact that the importers and owners were the manufacturers, and the protest, written under it, is, with these facts in view, sufficiently distinct and precise to secure to the plaintiffs the advantage of the objection.

The valuation by the appraisement of the merchant appraisers, must be accepted as the dutiable value, the protest not possessing the qualities of precision and distinctness which would entitle the plaintiffs to call the validity of the appraisement in question. It is not stated in the protest that the appraisal was of the time of exportation.

We order judgment for the plaintiffs for the amount of the penal duty exacted, and interest thereon.